IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **Monica Hartman,** | § § § § | |
| Plaintiff, | § § | Civil Action No. 4:21-cv-00436-P-BP |
| v. | § § | **Jury Trial Demanded** |
| **TruEnergy Services, LLC,** | § § § | |
| Defendant. | § § § § | |

# FIRST AMENDED COMPLAINT

**Monica Hartman** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **TruEnergy Services, LLC** (Defendant):

## INTRODUCTION

1. Plaintiff's First Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, § 302.101 of the Texas Business & Commercial Code and Texas common law.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendant because Defendant maintains an office in the State of Texas, conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

6. Plaintiff is a natural person residing in Naslet, Texas 76052.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 8117 Preston Road, Suite 300, Dallas TX 75225.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has been on the Federal Trade Commission's Do Not Call Registry since August 14, 2020.

12. At all times relevant hereto, Plaintiff maintained a cellular telephone number, which ended in 1923.

13. Plaintiff has only used the aforementioned telephone phone number in connection with a cellular telephone.

14. On various instances in or around January 2021, Defendant called and texted Plaintiff in connection with power/utility services for which Defendant was soliciting business.

15. Plaintiff never consented to receive such calls and never consented for anyone to place calls to her in connection with power or utility services.

16. Those calls include but are not limited to calls made at the following times:

    a. January 11, 2021 at around 1:23 pm CST;

    b. January 12, 2021 at around 11:12 am CST;

17. Defendant also sent two text messages to plaintiff on or around January 12, 2021.

18. The calls/texts from Defendant were made from numbers including but not limited to 817-798-1923

19. Defendant's calls were not made for "emergency purposes."

20. Defendant placed these calls using an automatic telephone dialing system and/or using a pre-recorded or automated voice.

21. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## Defendant Violated the TCPA 47 U.S.C. § 227(b)

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. Furthermore, the text messages were pre-written and sent automatically and therefore constitute calls with a pre-recorded or automated voice.

25. The dialing system used by Defendants to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

26. The dialing system used by Defendants to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

27. Defendant's text messages were not made for "emergency purposes."

28. Defendant's text messages to Plaintiff's cellular telephone without any prior express consent.

29. Defendants' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

30. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 14, 2020.

35. Defendant called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED § 302.101 of
## THE TEXAS BUSINESS & COMMERCIAL CODE

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. Plaintiff received all calls from Defendant in Texas and is entitled to other relief under Texas law.

41. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

42. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

43. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT IV
## INVASION OF PRIVACY: INTRUSION UPON SECLUSION

44. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

PLAINTIFF'S AMENDED COMPLAINT

45. The elements of a cause of action in Texas of invasion of privacy by intrusion upon seclusion are (1) an intentional intrusion upon a person's solitude, seclusion or private affairs (2) that would be highly offensive to a reasonable person and (3) as a result of which the person suffered an injury.

46. By sending repeated texts and placing repeated calls to someone on the Do Not Call list, Defendant invaded Plaintiff's privacy and intruded upon her seclusion.

47. The repeated defiance of Plaintiff's desire for solitude would be highly offensive to a reasonable person.

48. As a result of Defendant's actions outlined above, Plaintiff suffered injury in the form of stress, anxiety, anger and disruption of her daily life.

49. Defendant's acts were egregious and offensive and warrant punitive damages.

**Wherefore**, Plaintiff, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)), §302.302 of the Texas Business and Commerce Code and for the common law claim of invasion of privacy by intrusion upon seclusion;

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3);

    e. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

    f. Punitive damages for invasion of privacy by intrusion upon seclusion;

g. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

h. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Monica Hartman**, demands a jury trial in this case.

Respectfully submitted,

Dated: 04/05/2021                          By: /s/ Amy L. Bennecoff Ginsburg
                                               Amy L. Bennecoff Ginsburg, Esq.
                                               Jacob U. Ginsburg, Esq.
                                               Kimmel & Silverman, P.C.
                                               30 East Butler Pike
                                               Ambler, PA 19002
                                               Phone: (215) 540-8888 ext. 167
                                               (215) 540-8888 Ext. 104
                                               Facsimile: (877) 788-2864
                                               Email: aginsburg@creditlaw.com
                                               jginsburg@creditlaw.com
                                               teamkimmel@creditlaw.com

**CERTIFICATE OF SERVICE**

I, Amy L.B. Ginsburg, Esq. hereby certify that a true and correct copy of the foregoing amended complaint has been served upon the defendant via ECF.

/s/ Amy L.B. Ginsburg

Dated: April 5, 2021