IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MONICA HARTMAN, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00436-P-BP |
| | § | |
| TRUENERGY SERVICES, LLC, | § | |
| | § | |
|    Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Notice of Voluntary Dismissal filed on August 26, 2021. ECF No. 32. In her Motion, Plaintiff moves to dismiss Defendant without prejudice. *Id.* at 1.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff is entitled to voluntarily dismiss her case without a court order provided that the opposing party has not served an answer or a motion for summary judgment. The right to voluntarily dismiss an action before service of an answer or summary judgment motion is "absolute and unconditional" and may not be "extinguished or circumscribed by adversary or court." *Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715–16 (5th Cir. 2006) (per curiam) (citations omitted). A notice of voluntary dismissal under this rule is "self-executing," and no further court action is required. *Id.* at 716.

A review of the record in this case reflects that although Defendant has filed a motion to dismiss Plaintiff's Amended Complaint (*see* ECF No. 13), it has not filed an answer or a motion for summary judgment. Therefore, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** without prejudice Plaintiff's claims against Defendant pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 27, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE